UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. ALMEDA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M. ATCHLEY, Warden,<br><br>　　　　Respondent. | No.  2:20-cv-01101 GGH P<br><br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a).  Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

　　　　Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the

////

petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Petitioner challenges his 2014 conviction from the Sacramento County Superior Court. As grounds for relief, petitioner states the following: "Ground One: Refer to page (15) of Exhibit 'A'; Ground Two: Refer to page (33) of Exhibit 'A'; Ground Three: Refer to page (38) of Exhibit 'A'; Ground Four: Refer to page (41) of Exhibit 'A'." ECF No. 1 at 7, 8, 10. Petitioner does not identify each of his claims in the petition itself, and instead refers the reader to exhibits attached to his 156-page petition. Similarly, petitioner provides no supporting facts for any of his claims and refers to the California Supreme Court petition for his supporting facts.  Petitioner may not simply refer the court and respondent to a 156-page filing.

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend.  Rule 4, Rules Governing Section 2254 Cases.  In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in the dismissal of this action;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district and the court's form application for writ of habeas corpus.

Dated: June 16, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.